U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 21 2019

TONY R. MOORE, CLERK
BY: _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

RENEÉ PIPKINS, et al.                    CIVIL ACT. NO. 5:15-cv-2722

-vs-                                     JUDGE DEE D. DRELL

JAMES E. STEWART, SR., IN HIS
OFFICIAL CAPACITY AS DISTRICT
ATTORNEY OF CADDO PARISH
(FIRST JUDICIAL DISTRICT OF
LOUISIANA)

STATE OF LOUISIANA ex rel. JEFF
LANDRY, LOUISIANA ATTORNEY
GENERAL, Intervenor                      MAG. JUDGE MARK L. HORNSBY

---

## MEMORANDUM RULING

Before the Court is a motion for leave to amend complaint (Doc. 66) filed by Plaintiffs,[1] an opposition (Doc. 68) filed by defendant James E. Stewart, Sr., in his official capacity as District Attorney of Caddo Parish, First Judicial District of Louisiana ("District Attorney"), and a reply (Doc. 73) filed by Plaintiffs. The Magistrate Judge issued a memorandum ruling (Doc. 78) granting the motion for leave to amend complaint (Doc. 66). For the following reasons, the Magistrate Judge's memorandum ruling (Doc. 78) is **VACATED**, the motion for leave to amend complaint (Doc. 66) is **DENIED**, and the motion to stay civil case management order (Doc. 70) is **DENIED AS MOOT**.

---

[1] Reneé Pipkins, Everitt Pipkins, Theron Jackson, LaWhitney Johnson, Adriana Thomas, Reginald Autrey, Darryl Carter, Diane Johnson, Kimberly Horton, and Theresa Hawthorne, on behalf of themselves and all others similarly situated.

1

## I. FACTS & PROCEDURAL HISTORY

This suit alleges that the District Attorney systematically exercises (and therefore still exercises) peremptory strikes against African-American prospective jurors on the basis of their race for the purpose of empaneling criminal trial juries that are predominately white. The original complaint was filed on November 19, 2015.[2] An amended complaint was filed on December 30, 2015,[3] a second amended complaint was filed with the consent of the District Attorney on April 14, 2016,[4] and a third amended complaint was filed with the consent of the District Attorney on April 21, 2016.[5]

The District Attorney filed a motion to dismiss on May 5, 2016,[6] which was granted in part and denied in part.[7] Specifically, the Court determined it was necessary to abstain from adjudication of all the claims for injunctive and declaratory relief under O'Shea v. Littleton, 414 U.S. 488 (1974), though Plaintiffs were allowed to proceed with their damages claims.[8] In the present motion, Plaintiffs seek to avoid triggering O'Shea abstention by narrowing the scope of their requested injunctive and declaratory relief.

## II. LAW & ANALYSIS

A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be granted "freely . . . when justice so requires." Stripling v. Jordan Production Company, LLC, 234 F.3d 863, 872 (5th Cir. 2000). A court's discretion does not permit denial of leave to amend in the absence of a substantial reason, such as undue delay, bad faith, dilatory motive, futility or undue

---

[2] Compl. (Doc. 1).
[3] Am. Compl. (Doc. 6).
[4] Second Am. Compl. (Doc. 16).
[5] Third Am. Compl. (Doc. 18).
[6] Mot. to Dismiss (Doc. 20).
[7] Mem. Ruling (Doc. 62).
[8] Id.

2

prejudice to an opposing party. Jones v. Robinson Property Group, L.P., 427 F.3d 987, 994 (5th Cir. 2005). In the context of Rule 15, "futility" is read to mean that a proposed amendment would not state a claim as to which relief may be granted under Rule 12(b)(6). Stripling, 234 F.3d at 873.

B. PROPOSED AMENDMENTS

1. Declaratory Relief

Plaintiffs seek to limit their request for declaratory relief to "a declaratory judgment that the [District Attorney] has employed, and continues to employ, a custom, usage, and/or policy to exercise peremptory challenges against African-American citizens because of their race, in order to empanel criminal trial juries that are predominantly white."[9] This is identical to declaratory relief requested in their third amended complaint.[10] The Court discussed this at length in its memorandum ruling:

> It is difficult to overstate the magnitude of chaos that would ripple out from a federal declaratory judgment that the District Attorney has, and continues to, systematically exercise peremptory strikes in a discriminatory manner on the basis of race. Such a judgment would conceivably call into question most criminal conviction in Caddo Parish dating back to at least the time from which Plaintiffs collected data on juries, but perhaps even further. Every single person convicted in Caddo Parish in a criminal jury trial in which the District Attorney exercised a peremptory strike against an African-American prospective juror would have a potentially colorable argument that his/her jury was empaneled in violation of the Equal Protection Clause and Batson/Powers. The creation of this novel avenue for the collateral attack of criminal convictions going back potentially decades may not be Plaintiffs' intent, but it is undoubtedly the end result. Hundreds, if not thousands, of criminal convictions could be challenged in federal courts throughout the country through 28 U.S.C. § 2254 motions for writ of habeas corpus. The principles of federalism, comity, and equitable restraint exist in large part to prevent exactly such an outcome.

Pipkins v. Stewart, No. 5:15-CV-2722, 2019 WL 1442218, at *11 (W.D. La. Apr. 1, 2019).

---

[9] Mot. for Leave to Am. Compl. (Doc. 66) at ¶ 8.
[10] Third Am. Compl. (Doc. 18) at ¶ 125.

3

2. Injunctive Relief

Plaintiffs also seek to limit their request for injunctive relief to "a permanent injunction forbidding the [District Attorney] to employ a custom, usage, and/or policy to exercise peremptory challenges against African-American citizens because of their race, in order to empanel criminal trial juries that are predominately white."[11] Again, this is identical to injunctive relief requested in their third amended complaint.[12] Plaintiffs now argue that this "injunction so limited would only require the District Attorney to disavow and discontinue any such custom, policy, or usage."[13]

The District Attorney already disavows any such practice and denies that it has ever engaged in such behavior. The Court clearly explained why it must abstain from considering this claim for injunctive relief in its previous ruling:

> Inherent in these alternative injunctions is the ability of African-American potential jurors in criminal trials who are subjected to a District Attorney's peremptory challenge to seek federal review before the Court. During oral argument, Plaintiffs' counsel attempted to sidestep addressing this inevitability by referring to them as "entirely salutary, prophylactic measure[s] for those prosecutors to follow the Constitution." It is not the practice of the Court, however, to issue injunctions for which it has no intent or means to enforce. Moreover, the Court cannot waive away such concerns simply by assuming that the District Attorney would abide by any such injunctions. As discussed in [Hall v. Valeska], the Court is required under O'Shea "to consider the 'hypothesized recalcitrance,' and must 'focus on the likely result of an attempt to enforce an order of the nature sought here.'" [849 F. Supp. 2d 1332, 1339 (M.D. Ala.) aff'd, 509 F. App'x 834 (11th Cir. 2012)]. Both of Plaintiffs' in-the-alternative requests for equitable relief would open the door to ongoing federal court intrusion into the operation of state criminal proceedings.

Pipkins, 2019 WL 1442218, at *10.

The Court is required to contemplate the following: what happens when an African-American prospective juror subject to a District Attorney's peremptory challenge alleges that he/she was stricken on the basis of race in violation of the permanent injunction? If the Court does

---

[11] Mot. for Leave to Am. Compl. (Doc. 66) at ¶ 11.
[12] Third Am. Compl. (Doc. 18) at ¶ 125.
[13] Mot. for Leave to Am. Compl. (Doc. 66) at ¶ 12.

4

not adjudicate the claim, then the permanent injunction would be meaningless because the District Attorney would know that it could be violated with impunity. See also Hall, 849 F. Supp. 2d at 1339 ("[Although] counsel for the Plaintiffs stated that it was the Plaintiffs' prediction that an injunction by this court would be followed, under *O'Shea* this court must consider 'hypothesized recalcitrance,' and must 'focus on the likely result of an attempt to enforce an order of the nature sought here.'").

Were the Court to adjudicate the claim, it would then be intervening in a state court criminal proceeding. If the Court found in favor of the stricken African-American prospective juror, it would create an avenue for a collateral attack on the validity of a state court verdict. According to Plaintiffs' own statistics, over 1300 peremptory strikes were exercised by the District Attorney against African-American prospective jurors over a ten-year period.[14] If even a small fraction of the African-American prospective jurors stricken by a District Attorney's peremptory chose to mount a challenge, the Court could easily find itself intervening in dozens of state court criminal proceedings. This type of ongoing enforcement of a permanent injunction greatly offends the principles of comity, federalism, and equitable restraint underlying O'Shea.

### III. CONLCUSION

Plaintiffs' proposed amended requests for declaratory and injunctive relief have already been analyzed and dismissed by the Court. It is therefore futile to allow Plaintiffs to further proceed with these proposed amended claims. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's memorandum ruling (Doc. 78) is **VACATED.**

---

[14] Third Am. Compl. (Doc. 18) at ¶ 52.

**IT IS FURTHER ORDERED** that the motion for leave to amend complaint (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to stay civil case management order (Doc. 70) is **DENIED AS MOOT**.

**SIGNED** on this 20th day of June 2019, at Alexandria, Louisiana.

_____
JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT