UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RENEE PIPKINS ET AL | CIVIL ACTION NO. 15-cv-2722 |
| VERSUS | JUDGE DRELL |
| JAMES E STEWART SR | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Plaintiffs are citizens of Caddo Parish who filed suit against the Caddo Parish District Attorney in his official capacity. Plaintiffs allege that prosecutors have and continue to systematically exercise peremptory strikes against African-American prospective jurors on the basis of their race for the purpose of empaneling criminal trial juries that are predominantly white. The District Attorney, along with the Attorney General who intervened, joined in a motion to dismiss that attacked the complaint on several grounds.

Judge Drell granted the motion in large part. Docs. 62 & 63. He dismissed all claims for injunctive and declaratory relief because of concerns that granting the requested relief would be unduly intrusive on the state court system and offend principles of federalism and equitable restraint. But he declined to dismiss the damages claims of four plaintiffs who allege they were denied the right to participate in jury service when they were struck as a result of a race-based use of a peremptory strike. Those damages claims were found adequate to withstand Rule 12(b)(6) review and the several defenses asserted

by the District Attorney. Doc. 62 and Pipkins v. Stewart, 2019 WL 1442218 (W.D. La. 2019).

Before the court is Plaintiffs' **Motion to Compel Production of Documents. Doc. 96.** At the heart of this discovery dispute is whether Judge Drell's ruling limited the scope of discovery to only the two criminal cases (Odums and Carter) from which the four remaining Plaintiffs were excluded as jurors. For the reasons that follow, the motion is **granted in part and denied in part**.

**Facts and Procedural History**

Plaintiffs filed their original complaint in November 2015. They filed three amended complaints by April 2016, primarily to add additional plaintiffs. Each amendment was filed without objection. The District Attorney filed his motion to dismiss in May 2016, and the Attorney General intervened a few months later to join in that motion and file a supplemental memorandum in support.

The third amended complaint requested certification of a class of all African-American citizens of Caddo Parish who were eligible to serve as jurors in criminal trials. Plaintiffs asked for declaratory judgment that: (1) the District Attorney has, and continues to, systematically exercise peremptory strikes in a discriminatory fashion; and (2) several provisions of Louisiana law providing for the use of peremptory strikes are unconstitutional.

Plaintiffs ask for injunctive relief (1) forbidding the District Attorney from exercising peremptory challenges in criminal jury trials; (2) in the alternative, forbidding the District Attorney from exercising peremptory challenges to strike otherwise qualified

African-American jurors in criminal trials; (3) in the alternative, forbidding the District Attorney to employ a custom or policy to exercise peremptory challenges against African-Americans based on their race; and (4) requiring the District Attorney to provide training to all attorneys and investigators to prevent the discriminatory use of peremptory challenges in future trials.

Judge Drell found that the District Attorney raised valid objections to the declaratory/injunctive relief demands under O'Shea v. Littleton, 94 S.Ct. 669 (1974). The O'Shea decision rejected a request to enjoin prospective criminal prosecutions on the basis of allegedly discriminatory enforcement of seemingly valid state laws. The Supreme Court framed the requested injunctive relief as an ongoing federal audit of state criminal proceedings that would indirectly accomplish the kind of interference that the Younger abstention doctrine sought to prevent. O'Shea instructed that the federal court should not intervene in the state court system, such as through monitoring of state court functions, in a way that would be intrusive, unworkable, and offend principles of federalism and equitable restraint. Judge Drell carefully examined each of the demands for declaratory and injunctive relief posed in the third amended complaint and found that they ran afoul of O'Shea. Accordingly, the court abstained from adjudicating those claims and dismissed them without prejudice.

The court noted that the only remaining claims are those for damages raised by plaintiffs Carter, Johnson, Horton, and Hawthorne. The court found that Plaintiffs had standing to seek relief because (1) they sufficiently stated a concrete and particularized injury by alleging that the District Attorney exercised peremptory challenges to exclude

them solely by reason of their race; (2) the allegations directly attribute this injury to the alleged policy of the District Attorney to systematically exercise peremptory strikes against African-American prospective jurors on the basis of their race; and (3) the asserted constitutional violation is redressable through damages.

The Memorandum Ruling stated:

> Carter, Johnson, Horton, and Hawthorne have cleared the relatively low threshold of surviving a 12(b)(6) failure to state a claim challenge, the granting of which is generally disfavored. To prevail on the merits, or for that matter to survive a motion for summary judgment, is a significantly higher bar. Evidence specific to Carter, Johnson, Horton, and Hawthorne showing that the District Attorney exercised peremptory challenges against each of them because of their race will be needed. Statistics appearing to show general trends will not suffice. *Accordingly, discovery will be limited to the cases from which Carter, Johnson, Horton, and Hawthorne were excused.* [Emphasis added.]

**Requests 2, 3, and 7**

Plaintiff seeks all memoranda regarding jury selection; all office policies, procedures, directives, or other communications regarding jury selection; and all emails, text messages, letters, and paper or electronic postings containing communications about jury selection from January 1, 2003 to June 30, 2016. Plaintiffs argue that they are entitled to discover written memoranda, policies, or communications about the factors considered by Defendant's staff in evaluating, selecting, and challenging prospective jurors.

Defendant objects to the requests as not proportional to the needs of the case. Defendant argues that the discovery requests are not relevant to proving specific discrimination against the Plaintiffs. Defendant also points to the low potential damages award available to Plaintiffs and claims that the scope of these discovery requests is not

proportional. Defendant contends that he has nonetheless produced one email from then-District Attorney Howard Fish to all assistant district attorneys discussing Batson. Defendant also represents that he has produced various CLE materials that discuss Batson that were circulated within the district attorney's office.

The undersigned finds that these requests are overbroad, not proportional, and run afoul of the limitation imposed on discovery by Judge Drell. Discovery is limited to the two cases in which the four plaintiffs were potential jurors. Therefore, only policies, memoranda, directives, and communications applicable to the exercise of peremptory challenges during the time frame of the Odums and Carter cases (April 2015 to June 2015) need be produced.

**Requests 4 and 6**

Plaintiffs seek all notes taken during jury selections and all records of jury venire and/or jury information saved from jury trial selections participated in by a member of the Office of the District Attorney from January 1, 2003 to June 30, 2015. Defendant objects to these requests on the grounds that they call for attorney work product and are not relevant or proportional to the needs of the case.

Plaintiffs respond that Defendant has waived the work product objections because he did not state the objections in response to the requests and did not provide a written description of the withheld materials. Plaintiff also argues that the objections are meritless because Plaintiffs have substantial need for the materials and cannot, without undue hardship, obtain the substantial equivalent of the materials by any other means.

The undersigned believes that the best written evidence of whether the four plaintiffs were stricken because of their race includes the handwritten notes of the prosecutor(s) during jury selection. Plaintiffs have substantial need for this evidence and cannot obtain it from any other source. Accordingly, the District Attorney is directed to produce the handwritten notes, if any, from jury selection in the two cases that refer to or describe the four plaintiffs or state a reason for striking them. All other notes regarding jury selection in those two cases may be withheld or redacted.

**Request No. 8**

Plaintiffs seek lists of all personnel employed by the Office of the District Attorney from January 1, 2003 to June 30, 2016. Plaintiffs argue that they need an accurate list of Defendant's current and former employees in order to determine potential witnesses in this case. Defendant produced personnel lists for 2014, 2015, and 2016. Defendant argues that Plaintiffs have this information in the documents they received in a public records request.

The undersigned finds that this request is overbroad and not proportional. Plaintiffs were summoned for jury duty in 2015. The information already in Plaintiffs' possession is sufficient.

**Request No. 9**

Plaintiffs seek personnel files for all Office of the District Attorney staff terminated from January 1, 2003 to December 1, 2016, including any documents noting the reason for their termination. Plaintiffs claim that the files are relevant to their claims where any employee was subject to discipline or termination for grounds related to racial discrimination. Plaintiffs contend that the files are also relevant to the extent that any

employee was commended for the results of trials that involved racially discriminatory use of peremptory challenges as proof of endorsement of the policy, custom, or usage that is the basis of Plaintiffs' suit.

Defendant responds that Plaintiffs have failed to demonstrate the higher need required for the disclosure of personnel records, which are given special care in the Fifth Circuit. Defendant also argues that the request is not limited in any reasonable manner. Defendant points out that, if the personnel files were to be produced, they would have to be heavily redacted to prevent disclosure of personal information, which would be extremely time-consuming. Thus, Defendant argues that the request is overly burdensome. Defendant requests that, if the court orders production of the records, that the court also issue a protective order to prevent their disclosure.

The undersigned finds that the request for personnel records is overbroad, not proportional, and amounts to improper fishing expedition. It is speculative whether the production would include evidence of any significant value to Plaintiffs, and it is almost certain that the privacy interests of the personnel would be harmed.

**Request No. 10**

Plaintiffs seek "any and all other materials saved in accordance with the preservation letter" served on the Office of the District Attorney in 2015. Defendant produced email correspondence directing members of the office to preserve documents requested in the letter but did not produce the documents themselves. The letter set forth the following categories of documents to be preserved:

1. Jury information forms, jury lists, or other documents prepared by, or received by, the Office with respect to trials prosecuted by the Office from 2003 to the present;

2. Trial notes, including but not limited to strike sheets, notes on juror information forms or jury lists, from attorneys, investigators, or other employees of the Office related to the selection of jurors in trials prosecuted by the Office, from 2003 to the present;

3. Emails, text messages, letters, or memoranda reporting on, or assessing, the selection of trial jurors in cases prosecuted by the Office, from 2003 to the present; and

4. Training materials or other non-case related memoranda or information related to the selection of jurors in criminal cases.

Plaintiffs argue that the documents are relevant to show whether or not there has been a persistent widespread practice of jury discrimination by prosecutors so well-settled as to constitute a custom that fairly represents Defendant's policy.

Defendants object to the request for "any and all other materials saved" as being overly vague to the extent that it calls for documents outside the categories listed in the letter. However, to the extent that the request seeks documents in those categories, Defendants argue that the request is unreasonably cumulative because the categories of documents were covered by Plaintiffs' other requests.

The undersigned finds this request overbroad. Courts routinely find that requests seeking "any and all documents" are overbroad. See, e.g., D.H. Griffin Wrecking Co. v. 1031 Canal Development, 2020 WL 8265341 (E.D. La. 2020). The request is also vague. If a document was already "saved" in the system before the letter was received, is that document responsive to the requests? Or are only documents that were "saved" for the first time after the letter was received? Also, this request far exceeds the limit on discovery

imposed by Judge Drell. Finally, the request is cumulative of several of the other requests discussed above.

**Deadline**

Defendants shall supplement their responses to discovery in accordance with this order no later than April 29, 2021.

**Fees and Expenses**

All requests for fees and expenses in connection with the motion to compel are denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th of April 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge