IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RENEÉ PIPKINS, ET AL., PLAINTIFFS, | |
| V. | Case No. 15-cv-2722-DDD-MLH |
| JAMES E. STEWART, SR., IN HIS OFFICIAL CAPACITY, DEFENDANT. | District Judge Dee D. Drell |
| | Magistrate Judge Mark L. Hornsby |

**DAMAGES PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO STRIKE EXHIBITS SUBMITTED FOR FIRST TIME IN
DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Darryl Carter, Diane Johnson, and Theresa Hawthorne ("Plaintiffs" or "Damages Plaintiffs") moved to strike[1] three exhibits filed by Defendant[2] James Stewart for the first time with the reply in support of his motion for summary judgment.[3] In opposition, Defendant asserts that Plaintiffs' motion is untimely, and then briefly defends the three filings.[4] This reply will succinctly respond to each of Defendant's points.

**1. Plaintiffs' Motion to Strike is Timely.**

Defendant argues that Plaintiffs' motion is untimely in that it was not filed 21 days after Defendant's reply memorandum. Contrary to Defendant's position, and to the one district court

---

[1] ECF No. 152.
[2] Defendant James Stewart will be referred to as "Defendant," "District Attorney," or "D.A.'s Office" in this memorandum.
[3] ECF No. 146. The three new exhibits are: (ECF No. 146-1) a twenty (20) page Response to Remaining Plaintiffs' Statement of Uncontested Material Facts, (ECF No. 146-2) an Affidavit of Laura Fulco purporting to summarize the minutes of 386 trials from 2003 through 2015, and (ECF No. 146-3) a twenty-six (26) page Report of Hearing Committee in In re: J. Antonio Florence, Docket No. 21-DB-004 (La. Attorney Disc. Bd.).
[4] ECF No. 159.

opinion he cites, Federal Rule of Civil Procedure 12(f) provides that a district court "may strike <u>from a pleading</u> ... any redundant, immaterial, impertinent, or scandalous matter."[5] As the leading treatise states, "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."[6] Another division of this Court agrees: "Rule 12(f) authorizes the Court to strike 'from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' Fed. R. Civ. P. 12(f). Evidence submitted in support of a motion for summary judgment does not constitute a pleading, and, therefore, Rule 12(f) is inapplicable."[7]

Plaintiffs' motion, like those filed by Defendant in this case,[8] are objections to the exhibits filed in connection with Defendant's summary judgment motion.[9] None of these motions, including Plaintiffs', are governed by the deadlines imposed by Rule 12(f).

**2. Defendant's Response to Material Facts is Not Authorized by the Rules.**

Defendant seeks to explain why he should be permitted to respond to Plaintiffs' Statement of Contested Material Facts. But he does not show where either the Rules of Civil Procedure or this Court's Local Rules permit any such filing. Defendant had the burden, in his initial Statement

---

[5] Fed. R. Civ. P. 12(f) (emphasis added).
[6] A. Miller, B. Spencer, 5C Fed. Prac. & Proc. Civ. §1380 (3d ed.) (April 2022 update), citing <u>Hernandez-Butler v. Ikea U.S. East, LLC</u>, 435 F. Supp. 3d 816, 832-833 (S.D. Ohio 2020) ("Rule 12(f), by its very language, is directed toward 'pleadings,' a term that has a clear meaning under the Federal Rules of Civil Procedure. That definition, as a general matter, does not include evidentiary materials submitted in connection with summary judgment."); <u>Topps Company, Inc. v. Koko's Confectionery & Novelty</u>, No. 16-5954, 2020 WL 5077454, *1 n.1 (S.D. N.Y. 2020) ("On November 25, 2019, Defendant submitted a letter request to strike Plaintiff's motion for summary judgment as untimely and procedurally improper. Federal Rule of Civil Procedure 12(f) provides that a court 'may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter.' Here, Defendant's motion to strike Plaintiff's motion for summary judgment is improper because Rule 12(f) permits a court to strike pleadings only."); <u>Silva v. Swift</u>, 333 F.R.D. 245, 247-248 (N.D. Fla. 2019) ("Plaintiff's motion to strike asks this court to strike two motions, not pleadings. Rule 12(f) does not authorize such relief"); <u>Meyer v. Panera Bread Co</u>., No. 17-2565, 2018 WL 5017747 (D.D.C. 2018) (a motion to strike may not be used to strike declarations, which are not pleadings); <u>Vidra v. Hertz Corporation</u>, No. 18-2939, 2018 WL 4853311 (E.D. Pa. 2018) ("documents outside of pleadings, including motions to dismiss, are not subject to Rule 12(f)").
[7] <u>Dugas v. Ace American Ins. Co</u>., 468 F.Supp.3d 769, 772 n.1 (W.D. La. 2020).
[8] ECF Nos. 147, 148.
[9] <u>Meadaa v. K.A.P. Enterprises LLC</u>, No. 09-1211, 2010 WL 2195280 at *2 (W.D. La. May 26, 2010).

of Uncontested Material Facts, of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[10] The Statement of Uncontested Material Facts is the device to meet this burden.[11] Defendant's reply "statement," in contrast, is a twenty-page appendix to Defendant's fifty-five-page reply brief. It is not authorized by the rules and need not be considered by the Court.

### 3. The Fulco Affidavit should have been presented with Defendant's original motion.

Defendant claims that the purpose of the Fulco Affidavit is "to show the strikingly low number of Batson challenges (specifically reversals) in response to Remaining Plaintiffs' assertion that Defendant has a custom or practice of Batson violations."[12] But everything argued by Defendants since the filing of the Complaint can be said to respond to Plaintiffs' allegation that Defendant has a policy, custom, or usage of racially discriminatory use of peremptory challenges, because that is the central allegation in the case. The question is, given that Defendant had the records relied upon by Ms. Fulco since at least June 19, 2020,[13] why was Ms. Fulco's summary not presented with Defendant's motion for summary judgment?

Under the authorities cited by Plaintiffs in their original Memorandum in Support of the Motion to Strike, which are not contested by Defendant, the Fulco Affidavit presents a new

---

[10] Pioneer Exploration, L.L. C. v. Steadfast Ins. Co., 767 F.3d 503, 511 (5th Cir. 2014); quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party bears 'the burden of establishing the absence of a genuine [dispute] of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.'" Richard v. Anadarko Petroleum Corp., No. 11–0083, 2014 WL 1029898 at *3 (W.D. La. Mar. 17, 2014), quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985).
[11] Richard, 2014 WL 1029898 at *3.
[12] Def. Opp. to Ptf. Mot. to Strike (ECF No. 159) at 4.
[13] Email from J. Craig to A. Jones (June 19, 2020), ECF No. 143-10. Strangely, although ADA Fulco apparently was provided these files by Defendant's counsel, Defendant's expert, Dr. Flicker, was not. Deposition of Richard Flicker, Ph.D. ("Flicker Dep.") at 57:5-7.

argument which could have been presented at a time when Plaintiffs would have had an opportunity to traverse the facts therein.[14] That is why Defendant's alternative proposal – that this Court take judicial notice of the files of 386 criminal trials in support of an argument raised for the first time in a reply brief – is as unfair as the affidavit itself.

### 4. The Florence Opinion is irrelevant.

Undersigned counsel apologizes to the Court for not noting footnote 94 on page 42 of Defendant's Reply Memorandum in Support of Summary Judgment, where the only reference to the Florence Opinion was made. However, that does not change the fact that the attack on Mr. Florence's credibility is irrelevant to this Court's review of the evidence submitted on the summary judgment motion. The footnote in question states, "[i]nterestingly, and in contrast to the ADAs critique by the Remaining Plaintiffs, all of whom are and have been in good standing with their law licenses, one of the declarants relied upon by the Remaining Plaintiffs for support for its position has been the subject of a Louisiana Attorney Disciplinary Complaint."[15]

Of course, the conduct of Defendant's employees with respect to the use of peremptory challenges is the very subject of this case. By contrast, Mr. Florence's conduct is not at issue. The footnote and the exhibit are simply Defendant's attempt to besmirch Mr. Florence's character in an attempt to bias the Court's review of his declaration. That attempt should not be countenanced.

For these reasons, Damages Plaintiffs respectfully request that the Court grant the Motion to Strike, and enter its order striking ECF Nos. 146-1, 146-2, and 146-3 from the summary judgment record in this case.

---

[14] See Ptf. Mem. Supp. Mot. Strike (ECF No. 152-1) at 2-3.
[15] Reply Mem. in Supp. Summary Judgment, ECF No. 146 at 42 n.94.

Respectfully submitted,

*/s/ James W. Craig*
James W. Craig, La. Bar No. 33687
Emily M. Washington, La. Bar No. 34143
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel of record in this case by filing this motion through this Court's ECF system.

This the 26th day of April, 2022.

*/s/ James W. Craig*